IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARLAND MURRAY,

            Plaintiff,

v.                                      CIVIL ACTION NO.  2:13-cv-15798

RUSSELL MATHENEY, et al.,

            Defendants.

MEMORANDUM OPINION AND ORDER
(*Initial Screening; Motion for Hearing*)

      This matter, which is proceeding on the plaintiff's Amended Complaint [Docket 34], was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for initial screening under 28 U.S.C. § 1915A and submission to this court of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Also pending before the court is the plaintiff's Motion for Hearing on TRO & Preliminary Injunction ("Motion for Hearing") [Docket 35].

      On March 31, 2015, the Magistrate Judge submitted proposed findings of fact and recommended that this court dismiss certain claims and defendants. However, the Magistrate Judge also found that the plaintiff's Eighth Amendment claims against defendants Matheny, Frame, Dickerson, Caudill, Donaldson, Hypes, and May are sufficient to allow service of process against those defendants. Lastly, the Magistrate Judge recommended this court **DENY without prejudice** the plaintiff's Motion for Hearing [Docket 35], as addressed in a separate order. (*See*

Order [Docket 58]). On April 17, 2015, the plaintiff filed timely objections [Docket 70] to the Magistrate Judge's proposed findings and recommendation ("PF&R").

A district court shall make a de novo determination of those portions of the PF&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Further, "[de novo] review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

As an initial matter, the plaintiff does not object to the Magistrate Judge's findings and recommendations on the following claims: (1) official capacity; (2) Eighth Amendment – failure to protect; (3) Eighth Amendment – failure to provide medical treatment; (4) Fourteenth Amendment – due process; (5) Fourth Amendment; and (6) injunctive relief. (*See* Objections [Docket 70] (stating that the plaintiff is "in good faith objecting to" the findings concerning only Ballard, Rubenstein, Hinte, and Collins)).[1]

The plaintiff's objections with regard to denial of visitation and retaliation (Hinte) and supervisory liability (Rubenstein & Ballard), though timely, simply restate the allegations and evidence from his previous filings. The Magistrate Judge's discussion of visitation and retaliation emphasizes the fact that "[n]either prisoners, nor would-be visitors, have a constitutional right to prison visitation[.]" (PF&R [Docket 59], at 17). In response, the plaintiff

---

[1] Although the plaintiff states that he is objecting to the findings concerning Jason Collins, he makes no further reference to Collins in the body of his objections. Therefore, I do not construe this statement as a specific objection requiring de novo review.

fails to explain how the Magistrate Judge erred in his determination that no constitutional right exists or introduce any evidence to the contrary. The Magistrate Judge's discussion of supervisory liability emphasizes the requirement the Supreme Court clarified in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official must be actually and subjectively aware of an excessive risk in order to be held liable under the Eighth Amendment. (PF&R [Docket 59], at 21). Again, the plaintiff's objections merely restate the duties he alleges Rubenstein and Ballard failed to fulfill and makes no mention of the awareness requirement under *Farmer*. Therefore, I do not construe the plaintiff's pleas for the court to "please reconsider" as specific objections requiring do novo review. (Objections [Docket 70], at 1, 8).

Lastly, the plaintiff appears to object to the Magistrate Judge's finding regarding his equal protection claim. The PF&R states: "The plaintiff has not alleged any specific facts that would demonstrate that he has been treated differently than other inmates who are similarly situated." (PF&R [Docket 59], at 19). In response, when discussing Gary Hinte, the plaintiff contends: "My 14th adman [sic; Amendment] says (1) Racial discrimination – racial segregation by prison authoritys [sic; authorities] are unconstitutional under equal protection clause. I've shown in my case his discriminatory purpose was to humiliate – torture harass me because [I] had a female coming to see me that is not African American." (Objections [Docket 70], at 9 (citations omitted)). Although these statements attempt to illustrate a discriminatory purpose under the Equal Protection Clause, the plaintiff's allegations implicating Gary Hinte are inextricably linked to his claims for denial of visitation and retaliation, which, as stated above, the plaintiff failed to adequately object to. Therefore, I do not construe the plaintiff's restatement of the facts using equal protection legalese as specific objections requiring de novo review.

3

Accordingly, the court accepts and incorporates herein the findings and recommendation. The court **DISMISSES** (1) the plaintiff's claims against all of the defendants in their official capacities; (2) the plaintiff's claims alleging the denial of his rights to due process and equal protection; (3) the plaintiff's claims related to the denial of visitation; (4) the plaintiff's retaliation claim; (5) the plaintiff's claims alleging a violation of the Fourth Amendment; and (6) the plaintiff's claims of supervisory liability against defendants Ballard and Rubenstein. The court also **DISMISSES** defendants, Gary Hinte, Sgt. Young, Josh Ward, Jason Collins, David Ballard, and Jim Rubenstein. Finally, the plaintiff's Motion for Hearing [Docket 35] is **DENIED without prejudice**. It is further **ORDERED** that this matter remain referred to the Magistrate Judge for additional proceedings concerning the plaintiff's Eighth Amendment claims against defendants Matheny, Frame, Dixon, Caudill, Hypes, Donaldson, May, and John Doe defendants, to the extent they are identified.[2]

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     July 20, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The Magistrate Judge found "that the Amended Complaint fails to state any plausible claim against defendant Curtis Dixon, and that he should be dismissed as a defendant herein." (PF&R [Docket 59], at 3 n.3). However, the plaintiff's objections clarify that his allegations against "Mr. Dickerson" are actually allegations against Curtis Dixon. (*See* Objections [Docket 70], at 1). Therefore, the court **ORDERS** that Curtis Dixon be **SUBSTITUTED** for defendant Dickerson in the Amended Complaint [Docket 34].