IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARLAND MURRAY,

          Plaintiff,

v.                             CIVIL ACTION NO.  2:13-cv-15798

JIM RUBENSTEIN, et al.,

          Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court is the plaintiff's Motion for Emergency Relief [ECF No. 141]. Following the court's November 8, 2016, Order [ECF No. 145] construing that Motion as a motion for injunctive relief, defendants David Ballard and James Rubenstein filed a substantive Response [ECF No. 147] ("Ballard Response"), and defendants Paul Donelson and Sandra filed Responses [ECF Nos. 151–152] indicating that they were unable to provide the requested injunctive relief. The plaintiff then filed a Reply [ECF No. 154]. The matter is now ripe for decision. For the following reasons, the court **DENIES** the plaintiff's Motion.

BACKGROUND

On November 3, 2016, the plaintiff filed the instant Motion asking the court to order the defendants to protect him from attackers in prison and disclose the precise measures taken to protect him.

The plaintiff's Amended Complaint alleges, among other claims, that the deliberate indifference of supervisory prison staff led to him being stabbed by other prisoners at the Mount Olive Correctional Center ("MOCC") on April 1, 2013. Am. Compl. ¶¶ 56–64, 113 [ECF No. 112]. Neither party disputes that the plaintiff was attacked and stabbed. Mot. Emergency Relief ¶ 2. Kristopher Creel, one of the plaintiff's attackers, was subsequently transferred to another prison facility. Ballard Resp. 3. Stephen Houghton, another of the plaintiff's attackers, is in the general population at MOCC. *See* Mot. Emergency Relief ¶ 4.

Following that attack, the plaintiff was placed in solitary confinement for his protection. *Id.* at ¶ 3. On October 12, 2016, Matthew Clemons, the plaintiff's case manager, asked the plaintiff if he feared for his life and offered the plaintiff a chance to apply for a special form of protective custody. Ballard Resp. Ex A, at ¶ 5 [ECF No. 147-1] ("Clemons Aff."). The plaintiff declined. *Id.* On November 7, 2016, the plaintiff was returned to the general population of the prison. Ballard Resp. Ex. B, at ¶ 5 [ECF No. 147-2] ("Cole Aff."). Three days later, the plaintiff was again asked if he feared for his life and wanted to apply for special management; the plaintiff again refused. *Id.*

## LEGAL STANDARD

The United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have provided district courts with a precise analytical framework for determining whether to grant a preliminary injunction. *See Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). First, plaintiffs must make a clear showing that they will likely succeed on the merits. *The Real Truth About Obama, Inc.*, 575 F.3d at 346. Second, plaintiffs must make a clear showing that they are likely to be irreparably harmed absent preliminary relief. *Id.* Third, plaintiffs must show that the balance of equities tips in their favor. *Id.* Finally, the plaintiffs must show that an injunction is in the public interest. *Id.* All four requirements must be satisfied for a preliminary injunction to be appropriate. *Id.*

## DISCUSSION

In his Motion, the plaintiff argues—without relying on any legal authority—that he is scared for his life, and I should therefore enter an order directing the defendants to protect him and provide information regarding the steps being taken to protect him. *See* Mot. Emergency Relief. I construed that Motion as a motion for injunctive relief and directed the defendants to respond. *See* Order, November 8, 2016. In the Ballard Response, the defendants David Ballard and James Rubenstein argued against an injunction; however, they too eschewed legal authority. *See* Ballard Response. Given another chance to advocate for the entry of an injunction in his Reply, the plaintiff did not supply me with sufficient evidence to satisfy the four preliminary injunction requirements; indeed, neither party mentioned the standard

for granting a preliminary injunction—even after I construed the Motion as a motion for injunctive relief. *See* Reply.

Regardless, the plaintiff's Motion must be denied because the plaintiff has failed to satisfy at least two of the requirements for a preliminary injunction. First, the plaintiff failed to present any evidence that he is likely to prevail on the merits of the case. Additionally, the plaintiff presented no evidence that he would be irreparably harmed if the injunction was not entered. Although the plaintiff states generally that he is afraid of Stephen Houghton, he points to no specific indicators that Stephen Houghton will harm him in the future. General fear of what someone might do is insufficient to satisfy the irreparable-harm prong—especially where that fear is based on an incident that occurred over three years in the past. *See Curtis v. Ramsey*, No. 2:12-7885, 2014 WL 4296683, at *3–4 (S.D.W. Va. Aug. 28, 2014) ("A mere possibility of harm will not suffice to support the granting of a preliminary injunction.") (citing *Winter*, 555 U.S. at 21). Indeed, given the plaintiff's willingness to return to the general population and his assertion that he is not afraid for his life, it is unclear that he believes irreparable harm is imminent absent the issuance of an injunction. Accordingly, because the plaintiff failed to produce any evidence to satisfy the first or second prong of the preliminary injunction test, I **FIND** that neither of those prongs are satisfied.

Moreover, it appears to me that some of the relief sought by the plaintiff—specifically, information regarding the steps being taken to protect him—could be

easily obtained through the discovery process. It is unclear why, exactly, the plaintiff would seek discovery material through informal e-mail requests and motions instead of using one of the plethora of discovery tools enumerated in the Federal Rules of Civil Procedure. *See* Mot. Emergency Relief Ex. B. It is also unclear why counsel for David Ballard and James Rubenstein would send a callow e-mail responding to the plaintiff's counsel's request for information instead of directing her to the discovery process. *See* Mot. Emergency Relief Ex. C. What is clear, however, is that I will not micromanage discovery. The parties are free to utilize the discovery tools provided by the Rules, and if unresolvable disagreements arise, the parties are free to motion the court to resolve those disagreements. I trust that the parties will act more civilly in the future.

Therefore, because the plaintiff has not put forth sufficient evidence to satisfy the four-prong preliminary injunction test and some of the relief sought is more appropriately handled through discovery, I **DENY** the plaintiff's Motion.

## CONCLUSION

The plaintiff has not put forth sufficient evidence to show that a preliminary injunction is warranted. Moreover, some of the relief sought appears more appropriately resolved through discovery. Accordingly, the plaintiff's Motion for Emergency Relief [ECF No. 141] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 5, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE