# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

GARLAND MURRAY,

v.                                                   CIVIL ACTION NO. 2:13-cv-15798

RUSSELL MATHENEY, et al.,

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion in Limine to Exclude Testimony from Plaintiff Regarding his Exhaustion of Administrative Remedies Prior to the Filing of the Instant Action [ECF No. 302]. The plaintiff filed a Response [ECF No. 303]. The matter is now ripe for adjudication. For the following reasons, the Motion is **DENIED**.

### I. Brief Factual and Procedural Background

On June 26, 2013, the plaintiff, Garland Murray, filed the first complaint in this action. Compl. [ECF No. 2]. Since then, many of the defendants and several of the counts have been dismissed either voluntarily or by court order. Currently, there are four defendants left in the action including: James Rubenstein, David Ballard, Russell Matheny, and Steve Caudill. The matter is currently set for trial on March 6, 2018. Second Am. Scheduling Order [ECF No. 305].

On November 6, 2017, these defendants filed this motion in limine. Defs.' Mot. Limine to Exclude Test. from Pl. Regarding his Exhaustion of Admin. Rem. Prior to

the Filing of the Instant Action ("Defs.' Mot.") [ECF No. 302]. The motion was filed over two months after motions in limine were due. Scheduling Order [ECF No. 143] ("[I]t is further **ORDERED** that this case shall proceed as follows: . . . Filing of motions in limine. 9/4/2017"). In the motion, the defendants state that it is their intention, "at trial, to assert the affirmative defense of failure [to] exhaust administrative remedies," pursuant to the Prison Litigation Reform Act ("PLRA") and West Virginia Prison Litigation Reform Act ("WVPLRA"). Defs.' Mot. 2. Regarding this defense, the defendants asked the court to "exclude any testimony, argument, and/or the introduction of any evidence by the [p]laintiff or his counsel suggesting that . . . [the] [p]laintiff exhausted his administrative remedies as required" by the PLRA and WVPLRA. *Id.* at 1. The defendants believe that this is appropriate since the court previously granted summary judgment in favor of two former co-defendants based on the plaintiff's lack of exhaustion. *Id.* at 2 (citing Mem. Op. & Order [ECF No. 300]). According to the defendants, "[i]t follows that [the] [p]laintiff has also failed to exhaust his administrative remedies as to these [d]efendants." *Id.*

In his response, the plaintiff argues that the defendants waived the defense of exhaustion by not raising it until now, and therefore should not be allowed to present any further argument regarding it. Pl.'s Resp. Opp'n to Defs.' Mot. 1 ("Pl.'s Resp.") [ECF No. 303].

## II. Discussion

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Like the PLRA, the WVPLRA "require[s] inmates to exhaust their administrative remedies before they bring a lawsuit." *Legg v. Adkins*, No. 2:16-cv-01371, 2017 WL 722604, at *2 (S.D. W. Va. 2017) (citing 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i)).

### a. Waiver

"[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Block*, 549 U.S. 199, 216 (2007). "Defendants may waive or forfeit reliance on § 1997e(a), just as they may waive or forfeit the benefit of a statute of limitations." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (8th Cir. 1999).

The plaintiff argues that the defendants failed to raise the "affirmative defense of exhaustion at any appropriate time in the proceeding" and therefore have waived the defense. Pl.'s Resp. 1. Specifically, the plaintiff points to the fact that the defendants did not raise the issue in a motion to dismiss or a motion for summary judgment. *Id.* The plaintiff, however, ignores the fact that the defendants pleaded the defense in their answer. As their sixteenth defense, the defendants asserted "any and all defenses available to them pursuant to the West Virginia Prisoner Litigation Reform Act, W.Va. Code §25-1A-1, *et seq;* and the Prisoner Litigation Reform Act, 42

USC §1997e." Defs. Johnathan Frame, Curtis Dixon, Russell Matheny & Steve Caudill's Answer to Am. Compl. 20 [ECF No. 117]; Defs. James Rubenstein, David Ballard & David Miller's Answer to Am. Compl. 20 [ECF No. 127].

Under Federal Rule of Civil Procedure 8(c), defendants, in response to a pleading, must affirmatively state any affirmative defense. The Fourth Circuit has held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. App'x 197, 203 (4th Cir. 2004). Here, the defendants assertion that they would rely on "any and all defenses available to them pursuant to the West Virginia Prisoner Litigation Reform Act, W.Va. Code §25-1A-1, *et seq;* and the Prisoner Litigation Reform Act, 42 USC §1997e" was enough to give the plaintiff fair notice that they may raise exhaustion as a defense, and was therefore a properly pleaded affirmative defense. *See Thornton v. Cnty. Of Albany*, No. 9:14-CV-679, 2016 WL 5793714, at *5 (N.D.N.Y. Oct. 4, 2016) (explaining that defendants can plead "'failure to exhaust,' 'failure to exhaust administrative remedies,' 'failure to comply with the PLRA,' or similar language in order to preserve" exhaustion as an affirmative defense).

There is no requirement that defendants who have properly pleaded exhaustion as an affirmative defense in their answer must also file a motion for summary judgment or motion to dismiss in order to preserve the defense. *Villante v. R. Vandyke*, 93 Fed. App'x 307, 309 (2d Cir. 2004) (courts have, "never required

4

defendants who have properly pled the defense in their answer to also file a motion for summary judgment on exhaustion grounds in order to preserve the defense."); *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3rd Cir. 2010) (explicitly declining to find that the defendant waived the defense of exhaustion when the defendant raised exhaustion as an affirmative defense in his answer but failed to raise the defense again until after the deadline imposed by the court for dispositive motions had passed); *Coons v. Indus. Knife Co., Inc.*, 620 F.d 38, (1st Cir. 2010) ("With one narrow exception . . . *see* Fed.R.Civ.P. 12(h)(1), a party does not waive a properly pleaded defense by failing to raise it by motion before trial."). Since the defendants properly pleaded the defense of exhaustion, and there is no requirement that they also raise the issue in a motion to dismiss or motion for summary judgment, the court **FINDS** that the defense was not waived.

### b. Exclusion of the Plaintiff's Evidence Regarding Exhaustion

Since the court has found that the defendants have not waived the defense of exhaustion under the PLRA and WVPLRA, it must now determine what to do with the defendants' motion in limine. In their motion, the defendants do not ask the court to rule on the issue of exhaustion, at least not explicitly. Instead, they ask the court to ban the plaintiff from countering the defense when they raise it at trial, which for all intents and purposes is basically a ruling on the merits of the defense. Defs.' Mot. 1–2. The court declines to grant the motion for both substantive and procedural reasons.

As to the substance of their argument, while the court has found that the plaintiff failed to exhaust his administrative remedies as to other defendants in this case, that does not necessarily mean that the plaintiff failed to exhaust his administrative remedies as to *these* defendants. There are many grievances in the record, some of which may relate to these defendants even though they did not relate to the previously dismissed defendants. The court cannot make such a determination without briefing from the parties and reviewing all relevant grievances. Therefore, there is substantively no basis for the court to ban the plaintiff from countering this defense.

Procedurally, it would be inappropriate for the court to make determinations regarding exhaustion by granting or denying a motion in limine. *Starr v. Moore*, 849 F. Supp. 2d 205, 211 (D. N.H. 2012) (finding that resolving exhaustion problems "is not the proper function of a motion in limine"); *Salaam v. Merlin*, No. 08-1248, 2011 WL 4073363, at *1 (D. N.J. Sept. 9, 2011) (same). The purpose of a motion in limine is to admit, exclude, or limit evidence—not decide evidentiary disputes or rule on affirmative defenses. Types of Motions in Limine, 2 Litigating Tort Cases § 19:3. Though on its face, the defendants' motion appears to be a proper motion in limine in that it moves the court to exclude evidence, it is actually a veiled argument that the plaintiff failed to exhaust his administrative remedies. The defendants argue that the plaintiff should be barred from raising the argument because the court has previously ruled that the plaintiff failed to exhaust his administrative remedies as to

6

some previously dismissed co-defendants. By ruling on this issue, the court would be in effect making a factual determination regarding whether the plaintiff exhausted his administrative remedies as to these defendants. Procedurally, this would be improper on a motion in limine.

At least one other court dealing with an exhaustion argument raised on a motion in limine has simply converted the motion into one for summary judgment in order to rule on the merits of the argument. *Salaam*, 2011 WL 4073363, at *1. This court is inclined to do the same in order to address this issue sooner rather than later. The defendants here, however, filed this motion over two months past the deadline imposed by the court's scheduling order without asking the court for leave to do so. Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . *on motion made* after the time has expired if the party failed to act because of excusable neglect." (emphasis added). Courts have construed "Rule 6(b) to impose a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order." *Drippe*, 604 F.3d at 784. Here, the defendants' motion was filed past the deadline and the defendants did not make a motion to extend the time to file. Therefore, it would be inappropriate for the court to rule on the motion, or to convert it to a motion for summary judgment. For all of these reasons, the defendants' motion is **DENIED**.

Nevertheless, exhaustion is still at issue. Based on their motion, it appears that the defendants intend to raise the defense at trial. While this is permitted, the court is strongly opposed to waiting until trial to deal with this defense. "[E]xhaustion of administrative remedies under the PLRA is a question of law to be determined by a judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at * (S.D. W. Va. Sept. 12, 2017) (quoting *Drippe*, 604 F.3d at 782). The Fourth Circuit has not determined whether there is a right to have a jury decide factual disputes regarding an inmate's failure to exhaust administrative remedies. The seven circuits that have addressed the issue, however, all agree that judges may resolve factual disputes concerning exhaustion under the PLRA without the participation of a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015); *Small v. Camden Cnty.*, 728 F.3d 265, 270–71 (3rd Cir. 2013); *Messa v. Goord*, 652 F.3d 305, 308 (2d Cir. 2011); *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010); *Pavey v. Conley,* 544 F.3d 739, 741–42 (7th Cir. 2008); *Bryant v. Rich,* 530 F.3d 1368, 1373–77 (11th Cir. 2008); *Wyatt v. Terhune,* 315 F.3d 1108, 1119–20 (9th Cir. 2003). The court has no reason to believe that the Fourth Circuit would disagree. Therefore, there is absolutely no reason to wait until the jury is seated to raise the issue of exhaustion.

In order to resolve this issue before expending further judicial resources preparing for trial and calling a jury, the court **ORDERS** that the defendants brief the court on their affirmative defense that the plaintiff failed to exhaust his administrative remedies as required by the PLRA and WVPLRA. The defendants'

8

brief is due by **December 15, 2017**. The plaintiff may file a response by **December 29, 2017**. The defendants may file a reply by **January 5, 2018**. If, after reviewing the briefing and exhibits the court determines that a hearing is necessary, then the court will schedule a hearing. This route will conserve judicial resources and ensure that the jury's time is not wasted while they wait for the court to rule on an issue that they are excluded from participating in and that could take anywhere from several hours to several days.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 29, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE